IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CONSTRUCTION INDUSTRY LABORERS )
PENSION FUND, a Trust Fund, )
)
    and )
)
JASON P. MENDENHALL and KEVIN R. FAHEY, )
TRUSTEES OF THE CONSTRUCTION INDUSTRY )
LABORERS PENSION FUND, )
)
    and )
)
CONSTRUCTION INDUSTRY LABORERS )
WELFARE FUND, a Trust Fund, )
)
    and )
)
JASON P. MENDENHALL and BYRON HORNUNG )
TRUSTEES OF THE CONSTRUCTION INDUSTRY )
LABORERS WELFARE FUND, )
)
    and )
)
GREATER KANSAS CITY LABORERS )
VACATION PLAN, a Trust Fund, )   **No.**
)
    and )
)
REGINALD L. THOMAS and DONALD E. GREENWELL, III )
TRUSTEES OF THE GREATER KANSAS CITY )
LABORERS VACATION PLAN, )
)
    and )
)
CONSTRUCTION INDUSTRY LABORERS )
TRAINING FUND, a Trust Fund, )
)
    and )
)
GABRIEL T. JONES and KEVIN R. FAHEY, )
TRUSTEES OF THE CONSTRUCTION )
INDUSTRY LABORERS TRAINING FUND, )
)
)
    and )
)
CONSTRUCTION INDUSTRY LABORERS )
SUPPLEMENTAL MEDICAL AND RETIREE )

TARGETED FUND, a Trust Fund, )
 )
and )
 )
JASON P. MENDENHALL and MATHEW J. BOWEN, )
TRUSTEES OF THE CONSTRUCTION INDUSTRY )
LABORERS SUPPLEMENTAL MEDICAL AND RETIREE )
TARGETED FUND )
 )
 )
 )
            Plaintiffs, )
 )
v. )
 )
 )
 )
 )
**KERANS CONSTRUCTION, COMPANY, LLC.** )
**[SERVE:    Roxanna Kerans** )
**            Registered Agent** )
**            1522 Horsecreek Road** )
**            Galena, MO  65656]** )
 )
            Defendant. )

## **COMPLAINT**

### **COUNT I**

Come now Plaintiffs and for their cause of action against Defendant state and allege:

1. Plaintiffs Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, and Construction Industry Laborers Apprenticeship, Construction Industry Laborers Training Fund and Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund (SMART) (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C. § 186) trust funds and employee benefit plans as defined in 29 U.S.C. § 1001, et seq., with their situs in Jackson County, Missouri; that Plaintiffs Jason P. Mendenhall and Kevin R. Fahey are duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Construction Industry Laborers Pension Fund; that Plaintiffs Jason P. Mendenhall and Byron Hornung are duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are

authorized to maintain this action on behalf of the Welfare Fund and the Trustees of the Construction Industry Laborers Welfare Fund; that Plaintiffs Reginald L. Thomas and Donald E. Greenwell, III are duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Greater Kansas City Laborers Vacation Plan; that Plaintiffs Gabriel Jones and Kevin R. Fahey are duly appointed and acting Trustees of the Construction Industry Laborers Training Fund who are authorized to maintain this action on behalf of the Construction Industry Laborers Training Fund; that Jason P. Mendenhall and Mathew J. Bowen are duly appointed and acting Trustees of the Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund and that this action arises under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185.

2. Defendant Kerans Construction Company, LLC is a Missouri limited liability company doing business in the State of Missouri. Defendant at all material times employed laborers performing work covered by the collective bargaining agreements mentioned herein.

3. Defendant, at all material times, entered into and was bound to collective bargaining agreements requiring employee benefit plan contributions to the Plaintiff Funds, and was bound to the Trust Agreements establishing Plaintiff Funds.

4. Plaintiff Funds are trust funds existing and established pursuant to collective bargaining agreements entered into between the Heavy Constructors' Association of the Greater Kansas City Area, (hereinafter referred to as "Association"), and Heavy Construction Laborers' Locals No. 1290 and 663 of the Missouri and Kansas Laborers District Council affiliated with the Laborers' International Union of North America, AFL-CIO.

5. The laborer employees of Defendant were employed under the terms of said collective bargaining agreements under which terms the Defendant agreed, among other things, to pay and contribute to Plaintiff Funds various sums per hour for each employee covered by and subject to said agreements; and during said period to submit written reports within fifteen (15) days after the last day of the preceding month for the hours worked during said preceding month along

with payments of such sums; Defendant has failed and refused to timely submit remittance reports and correct contributions to Plaintiff Funds in accordance with the terms of said collective bargaining agreements and the Plaintiff Funds' Trust Agreements for the months of **MAY, JUNE, JULY, SEPTEMBER, DECEMBER 2019; JANUARY, JUNE, JULY, AUGUST, OCTOBER, NOVEMBER, DECEMBER 2020; JANUARY, APRIL, MAY, JULY, AUGUST, OCTOBER, DECEMBER 2021; AND JANUARY, FEBRUARY 2022.**

6. Defendant has failed and refused to submit timely remittance reports and correct contributions to Plaintiffs from **July 1, 2022**, to date.

7. The collective bargaining agreements and Trust Agreements herein mentioned provide that, if payment of sums due said Plaintiff Funds therein mentioned are made later than the time required, the Boards of Trustees may impose on the employer liquidated damages, interest, reasonable attorneys' fees, and court costs incurred to enforce timely payments from Defendant employer.

8. Defendant is required by the collective bargaining agreement to make fringe benefit contributions to Plaintiff Funds pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements, and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Funds to enforce said Defendants' obligations under said collective bargaining agreement for payment of liquidated damages and interest as provided for in the aforesaid Trust Agreements, such other legal or equitable relief as the Court deems appropriate, reasonable attorneys' fees, and their costs of this action.

9. The assessment of liquidated damages and interest against the Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds was made pursuant to the collective bargaining agreements and Trust Agreements for the months of **MAY, JUNE, JULY, SEPTEMBER, DECEMBER 2019; JANUARY, JUNE, JULY, AUGUST, OCTOBER NOVEMBER, DECEMBER 2020; JANUARY, APRIL, MAY, JULY, AUGUST, OCTOBER, DECEMBER 2021; AND JANUARY, FEBRUARY 2022** totals **TWENTY-SEVEN THOUSAND TWENTY-EIGHT AND 39/100 ($27,028.39).**

10. Demand has been made by Plaintiff Funds for payment of the liquidated damages and interest and Defendant has failed to tender payment of said amounts.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount **TWENTY-SEVEN THOUSAND TWENTY-EIGHT AND 39/100 ($27,028.39)** as and for liquidated damages and interest for the months of **MAY, JUNE, JULY, SEPTEMBER, DECEMBER 2019; JANUARY, JUNE, JULY, AUGUST, OCTOBER, NOVEMBER, DECEMBER 2020; JANUARY, APRIL, MAY, JULY, AUGUST, OCTOBER, DECEMBER 2021; AND JANUARY, FEBRUARY 2022;** for reasonable attorneys' fees; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

## COUNT II

Come now Plaintiffs, for Count II of the Complaint, and in the alternative to Count I, state as follows:

1. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs One (1), Two (2), Three (3), Four (4), Five (5) Six (6), Seven (7), Eight (8), and Ten (10) of Count I of the Complaint.

2. Plaintiffs bring the claim in Count II pursuant to 29 U.S.C. § 1132(a)(3) to enforce the terms of the respective collective bargaining agreements and Trust Agreements (collectively referred to as "plan documents") of the Plaintiff Funds which impose liquidated damages and interest on contributions that are not timely paid as required under the terms of the collective bargaining agreement to which Defendant is bound and the Trust Agreements of the Plaintiff Funds to which Defendant is also bound.

3. The assessment of liquidated damage and interest against the employer Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds was made pursuant to the collective bargaining agreements and Trust Agreements for the months **MAY, JUNE, JULY, SEPTEMBER, DECEMBER 2019; JANUARY, JUNE, JULY, AUGUST, OCTOBER, NOVEMBER, DECEMBER**

**2020; JANUARY, APRIL, MAY, JULY, AUGUST, OCTOBER, DECEMBER 2021; AND JANUARY, FEBRUARY 2022** totals **TWENTY-SEVEN THOUSAND TWENTY-EIGHT AND 39/100 ($27,028.39).**

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of **TWENTY-SEVEN THOUSAND TWENTY-EIGHT AND 39/100 ($27,028.39)** as and for liquidated damages and interest for the months of **MAY, JUNE, JULY, SEPTEMBER, DECEMBER 2019; JANUARY, JUNE, JULY, AUGUST, OCTOBER, NOVEMBER, DECEMBER 2020; JANUARY, APRIL, MAY, JULY, AUGUST, OCTOBER, DECEMBER 2021; AND JANUARY, FEBRUARY 2022;** for reasonable attorneys' fees; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

### COUNT III

Come now Plaintiffs, for Count III of the Complaint, and in the alternative to Counts I and II, state as follows:

1. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs One (1), Two (2), Three (3), Four (4), Five (5) Six (6), Seven (7), Eight (8), and Ten (10) of Count I of the Complaint.

2. Plaintiffs bring the claim in Count III pursuant to 29 U.S.C. § 185 to enforce the provisions of the collective bargaining agreement to which Defendant is bound imposing liquidated damages and interest on late-paid employee benefit plan contributions as third-party beneficiaries of such collective bargaining agreement.

3. The assessment of liquidated damage and interest against the employer Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds was made pursuant to the collective bargaining agreements and Trust Agreements for the months of **MAY, JUNE, JULY, SEPTEMBER, DECEMBER 2019; JANUARY, JUNE, JULY, AUGUST, OCTOBER, NOVEMBER, DECEMBER 2020; JANUARY, APRIL, MAY, JULY, AUGUST, OCTOBER, DECEMBER 2021; AND JANUARY, FEBRUARY 2022** totals **TWENTY-SEVEN THOUSAND TWENTY-EIGHT AND 39/100 ($27,028.39)**

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of **TWENTY-SEVEN THOUSAND TWENTY-EIGHT AND 39/100 ($27,028.39)** as and for liquidated damages and interest for the months of **MAY, JUNE, JULY, SEPTEMBER, DECEMBER 2019; JANUARY, JUNE, JULY, AUGUST, OCTOBER, NOVEMBER, DECEMBER 2020; JANUARY, APRIL, MAY, JULY, AUGUST, OCTOBER, DECEMBER 2021; AND JANUARY, FEBRUARY 2022;** for reasonable attorneys' fees; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

## COUNT IV

Come now Plaintiffs, Construction Industry Laborers Pension Fund, a Trust Fund, and Jason P. Mendenhall and Kevin R. Fahey, duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Construction Industry Laborers Pension Fund, and, for their cause of action under Count IV against Defendant Kerans Construction Company, LLC, state:

1. This action arises under, and jurisdiction is founded on, Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2. Plaintiffs, Jason P. Mendenhall and Kevin R. Fahey, are duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Construction Industry Laborers Pension Fund; Plaintiff, Construction Industry Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

3. Said Plaintiff Fund was established on October 1, 1964, pursuant to the collective bargaining agreement entered into between the Heavy Constructors Association of the Greater Kansas City Area (hereinafter referred to as "Association") and the Western Missouri and Kansas

Laborers District Council of the Laborers International Union of North America, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Funds is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Funds shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant Kerans Construction Company, LLC is a Missouri limited liability company who conducts business in the State of Missouri and particularly in the Western District of Missouri; that Kerans Construction Company, LLC at all times material herein employed Laborers performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant Kerans Construction Company, LLC annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

8. Defendant Kerans Construction Company, LLC, at all times material to this action was bound it to a collective bargaining agreement with the Heavy Construction Laborers' Locals No. 1290 and 663; that Defendant Kerans Construction Company, LLC is thereby bound by said collective bargaining agreement in effect on said date and all agreement(s) subsequent thereto.

9. At all times material herein, laborer employees of Defendant Kerans Construction Company, LLC were employed under the terms of the collective bargaining agreements mentioned above under the terms of which Defendant Kerans Construction Company, LLC agreed, among

other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements; and to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant Kerans Construction Company, LLC.

10. Defendant Kerans Construction Company, LLC's failed to pay employee benefit plan contributions due the Plaintiff Funds for the period **March 1, 2022 through March 31, 2022**, in the amount of **Twelve Thousand, Seven Hundred Twenty-Seven and 60/100 ($12,727.60) Dollars** .

11. Defendant Kerans Construction Company, LLC has failed and refused to submit correct remittance reports and correct contributions to Plaintiff Fund from **July 1, 2022**, to date, and Plaintiff Fund is unable to determine the total amount of contributions owed by Defendant Kerans Construction Company, LLC without an accounting of the books and records of Defendant Kerans Construction Company, LLC covering the period **July 1, 2022**, to date.

12. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due to said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

13. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

14. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant Kerans Construction Company, LLC is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

15. Defendant Kerans Construction Company, LLC is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant Kerans Construction Company, LLC's obligations under Section 515 of ERISA.

16. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order, enforceable against Defendant Kerans Construction Company, LLC directing that an accounting be made of Defendant Kerans Construction Company, LLC's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **July 1, 2022**, to date; and

B. For judgment against Defendant Kerans Construction Company, LLC in the amount of **twelve thousand, seven hundred twenty-seven and 60/100 ($12,727.60) Dollars** in unpaid fringe benefit contributions for the period **March 1, 2022 through March 31, 2022**, and for liquidated damages in the amount of twenty percent (20%) of the unpaid fringe benefit contributions for the period **March 1, 2022 through March 31, 2022**, and for interest on the unpaid fringe benefit contributions for the period **March 1, 2022 through March 31, 2022**, computed per annum at the rate prescribed in Section 6621 of the Internal Revenue Code; and for judgment against Defendant Kerans Construction Company, LLC in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements for contributions times the hourly amounts due under said agreements for the period **July 1, 2022**, to date; and

C. For judgment against Kerans Construction Company, LLC for reasonable attorneys' fees incurred in the prosecution of this cause; and

D. For judgment against Kerans Construction Company, LLC for audit costs incurred in the prosecution of this cause; and

E. For judgment against Defendants Kerans Construction Company, LLC for costs incurred in this action; and

F. For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.


*/s/ Bradley J. Sollars*
Bradley J. Sollars, MO Bar No. 54931

/s/ Melika T. Harris
Melika T. Harris MO Bar No. 65952
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: 816-421-5788
Facsimile: 816-471-5574
bjsollars@a-nlaw.com
mtharris@a-nlaw.com
*Attorney for Plaintiffs*